**In the Matter of Thomas L. SHIRLEY**

No. 49S00–0208–DI–445.

Supreme Court of Indiana.

June 1, 2005.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, and the briefs of the parties, we find that the respondent engaged in attorney misconduct.

**Facts:** This case involves two Counts. Under Count I, the Commission alleged that respondent failed to respond to its demand for a to reply to a grievance filed against him. Respondent contended he prepared two responses, but that due to office miscommunication they were not mailed. The hearing officer found that the Commission failed to establish a violation by clear and convincing evidence.

Respondent failed to file an answer to Count II. Accordingly, based on the Commission's pleading, the hearing officer found that respondent failed to appear for a scheduled jury trial and falsely told the court and the Commission that he had filed a motion to withdraw. The hearing officer also found that respondent tendered a copy of the motion to withdraw, which he knew had not been filed as he alleged.

**Violations:** By his conduct under Count II, respondent violated Ind. Professional Conduct Rule 1.16(d), which requires a lawyer withdrawing from representation to protect the client's interests; Prof.Cond.R. 3.2, which requires a lawyer to take reasonable steps to expedite litigation; Prof. Cond.R. 3.3(a)(1), which prohibits a lawyer from making a false statement to a tribu-

nal; Prof.Cond.R. 8.1(a), which prohibits a lawyer from making a false statement in connection with a disciplinary matter; and Prof.Cond.R. 8.4(d), which prohibits an attorney from engaging in conduct prejudicial to the administration of justice.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not less than thirty (30) days, effective August 1, 2005, and at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. Charles Deiter, Marion Superior Court, 200 East Washington Street, T1721, Indianapolis, IN 46204–3325, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SHEPARD, C.J. and DICKSON and SULLIVAN, JJ., concur.

BOEHM and RUCKER, JJ., dissent, believing the facts are less than clear and convincing.